IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-00284-FDW

| | |
|---|---|
| BRIAN K. LEWIS; <br> JAMIE R. SPAKE; <br><br> Plaintiffs, <br><br> v. <br><br> NC DEPARTMENT OF <br> PUBLIC SAFETY/DIVISION <br> OF PRISONS, et al., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on consideration of Plaintiffs' supplement to motions for reconsideration of appointment of counsel, the motion to appoint counsel, the motion to challenge multiple filing fees, and the motion for class certification in a case they filed pro se pursuant to 42 U.S.C. § 1983. (Doc. Nos. 22, 31).

Plaintiffs, who are prisoners of the State of North Carolina, filed a complaint seeking to represent themselves and similarly situated prisoners on claims which allege the North Carolina Department of Public Safety (DPS), and other defendants in various ways, have violated their right to be free from cruel and unusual punishment by withholding critical medical treatment. After reviewing the initial complaint, the Court noted that only Plaintiff Lewis had signed the complaint. An order was then entered requiring each of the defendants to sign the complaint. The Court also noted that none of the defendants purported to be attorneys; therefore they were incapable of representing the interests of any other individual, save themselves on an individual basis in a legal proceeding in district court. See (1:15-cv-00284, Doc. No. 7: Order at 7 (quoting

1

N.C. Gen. Stat. § 84-4) (describing unauthorized practice of law)). In response to this Order, Plaintiffs Lewis and Spake submitted an amended complaint which appears to be signed by each of them but no one else (hereinafter Plaintiffs). (Doc. No. 12: Amended Compl. at 57).

Plaintiffs move for reconsideration of the Order dismissing their motion for appointment of counsel. There is no Constitutional right to the appointment of counsel in civil cases although the Court may, in its discretion, appoint counsel in "exceptional cases." See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); 28 U.S.C. § 1915(e)(1) (providing for discretionary appointment of counsel in prisoner cases). The Court finds that Plaintiffs have not yet demonstrated the exceptional need for the appointment of counsel.

Plaintiffs also move to certify this case as a class action. This motion will be denied because Plaintiffs do not fairly identify what other inmates may want to join in this case.

Finally, Plaintiff Lewis was ordered to provide a copy of his Step-Three response to his grievance regarding the defendants' procedures with respect to treatment of HCV because it was unclear whether he had exhausted his administrative remedies prior to filing his complaint. (Doc. No. 27: Order) (citing Doc. No. 21: Grievance No. 4855-2015-838).

As a state prisoner, Plaintiff is bound by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In North Carolina, state prisoners must complete a three-step administrative remedy procedure (the "ARP") in order to properly exhaust their administrative remedies  See N.C. Gen. Stat. §§ 148-

118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (discussing the ARP).

In response to the Court's order to submit the Step-Three response, Plaintiff filed a grievance regarding the defendants' treatment procedures of HVC that was dated after he filed his complaint. It is well-settled that "a prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a) by exhausting his administrative remedies during the course of litigation; exhaustion must occur before the filing of the lawsuit, or the case must be dismissed." Woodward v. Daughtry, 845 F. Supp. 2d 681, 684 (W.D.N.C. 2012) (citing Moore, supra at 725)).

Plaintiff failed to provide the Step Three response and he failed to comply with the Order which provided he must provide a sworn statement explaining why he could not comply with the Order to produce the Step Three response. Recognizing that Plaintiff is proceeding pro se, Plaintiff will be afforded a final opportunity to file the Step-Three response to his initial grievance or a sworn statement explaining why he cannot file the response. Failure to comply with this order will result in dismissal of Plaintiff from this civil case and without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' supplement to motions for reconsideration are **DENIED**. (Doc. Nos. 22, 31).

2. Plaintiffs' motion to challenge multiple filing fees is **DENIED**, (Doc. No. 22), as there is only one $350 filing fee associated with prisoner civil litigation in § 1983 actions, although they are both charged with ensuring the full fee is satisfied to the extent they are financially able.

3. Plaintiffs' motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**. (Doc. No. 31).

4. Plaintiffs' motion for class certification is **DENIED**. (Doc. No. 31).

**IT IS FURTHER ORDERED** that Plaintiff Lewis shall file the Step-Three response to his initial grievance or a sworn statement explaining why he cannot file the response. Failure to comply with this order within 14-days from its entry will result in dismissal of Plaintiff from this civil case and without further notice.

**SO ORDERED**.

Signed: December 22, 2016

Frank D. Whitney
Chief United States District Judge