UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-00284-FDW

| | |
|---|---|
| BRIAN K. LEWIS, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) ORDER |
| NC DEPARTMENT OF PUBLIC SAFETY/DIVISION OF PRISONS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's "Objecting Order Dening [sic] Class Certification Requesting Reconsideration Offer of Proof." (Doc. No. 35).

The pro se Plaintiffs, who identify themselves as prisoners of the State of North Carolina, filed this action on December 19, 2015, pursuant to 42 U.S.C. § 1983, alleging that the North Carolina Department of Public Safety systematically denies necessary medical care for inmates diagnosed with Hepatitis C viral infections. The Plaintiffs seek to represent themselves and similarly situated prisoners who are allegedly being deprived of adequate treatment for their Hepatitis-C infections. In an Order dated December 22, 2016, the Court denied the Plaintiffs' motion to certify a class because the Plaintiffs failed to fairly identify which other inmates may want to join in the case. (Doc. No. 32).

On February 22, 2017, the Plaintiff filed the pending "Objecting Order Dening [sic] Class Certification Requesting Reconsideration Offer of Proof," which is in the nature of a motion to

1

alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. The Plaintiffs also seek the appointment of counsel.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

In the instant case, the Plaintiffs contend that the Court erred by denying class certification on the grounds that the prospective class members were not adequately identified. One of the Plaintiffs[1] alleges that he is unable to keep a detailed record of inmates by policy, but that he personally talked to twenty unnamed inmates at Mt. View Correctional Institution between January, 2015, and March, 2016, and eleven unnamed inmates at Albermarle Correctional Institution after March 2016, who are either being treated with interferon shots or have been denied

---

[1] The complaint, which is signed by both Plaintiffs, fails to identify the one who allegedly spoke to the Hepatitis-C infected inmates wishing to join the case.

treatment for non-medical reasons, who would want to join the class action should a class be certified. In addition, he claims that it is reasonable to infer that there are 10,000 Hepatitis-C infected inmates in North Carolina prisons, based on the CDC's estimated rate of infection across the general population.

The Plaintiffs have not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, the Plaintiffs' motion does not present evidence that was unavailable when they filed his Complaint, nor does the motion stem from an intervening change in the applicable law. Furthermore, the Plaintiffs have not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice. See Hill, 277 F.3d at 708. In sum, the Court will deny the Plaintiffs' motion for reconsideration. To this extent, Plaintiffs' request for appointment of counsel is also denied.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Reconsideration, (Doc. No. 35), is **DENIED**.

Signed: July 5, 2017

Frank D. Whitney
Chief United States District Judge